UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>RAYMOND FALCON GALLEGOS,<br>Defendant. | Case No. 5:11-cr-00592-EJD<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR ORDER FOR TIME NOT CREDITED TO PRESENT SENTENCE**<br><br>Re: Dkt. No. 41 |

On October 27, 2016, the court received a document entitled "Request for Order for Time Not Credited to Present Sentence" from Defendant Raymond Falcon Gallegos ("Defendant"), who is presently serving a 100-month federal sentence pursuant to Judgment filed on February 27, 2013. Dkt. No. 31. As the court understands it, Defendant requests assistance in obtaining credit for time served on a now-vacated state sentence. The Designation and Sentence Computation Center of the Bureau of Prisons ("BOP") previously denied similar relief to Defendant after considering the factors outlined in 18 U.S.C. § 3621.

This court is unable to provide Defendant with relief or assistance on this issue.[1] Indeed, after a defendant is sentenced, it is the Bureau of Prisons ("BOP") - not the court - that calculates the applicable release date and any entitlement to sentencing credit. Jonah R. v. Carmona, 446 F.3d 1000, 1002 (9th Cir. 2006) ("The Federal Bureau of Prisons . . . calculates sentences for

---

[1] Because this court did not indicate that Plaintiff's state sentence should run concurrently to the federal sentence, the two are presumed to run consecutively. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

1

Case No.: 5:11-cr-00592-EJD
ORDER DENYING REQUEST FOR ORDER FOR TIME NOT CREDITED TO PRESENT SENTENCE

United States District Court
Northern District of California

persons . . . remanded to its custody."); <u>Zavala v. Ives</u>, 785 F.3d 367, 370 n.3 (9th Cir. 2015) ("BOP, rather than the sentencing court, calculates the defendant's entitlement to sentencing credit under [18 U.S.C.] § 3585(b) in the first instance."). Furthermore, this court cannot entertain claims of error in BOP's calculation or in its application of time credits. Challenges to the execution of a sentence are properly raised through a petition under 28 U.S.C. § 2241 and must be brought in the district court where the defendant is confined. See <u>Zavala</u>, 785 F.3d at 370 n.3 ("A defendant may then challenge BOP's calculation - in other words, the execution of the sentence - by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241."); <u>Muth v. Fondren</u>, 676 F.3d 815, 818 (9th Cir. 2012) ("§ 2241 petitions must be filed in the district where the petitioner is confined . . . ."); <u>Setser v. United States</u>, 566 U.S. 231, 132 S.Ct. 1463, 1473 (2012). Since Defendant's documents indicate that he is currently incarcerated in Terre Haute, Indiana, such a request must be made to the district court encompassing that area.

Accordingly, Defendant's request is DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2016



EDWARD J. DAVILA
United States District Judge

2

Case No.: 5:11-cr-00592-EJD
ORDER DENYING REQUEST FOR ORDER FOR TIME NOT CREDITED TO PRESENT SENTENCE